IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NRO BOSTON, LLC and ALICE INDELICATO,<br><br>                           Plaintiffs,<br>v.<br><br>KABBAGE, INC. and CELTIC BANK CORPORATION<br><br>                           Defendants. | Civil Action No.: 1:17-CV-11976 |

I. **MOTION TO SEAL**

Pursuant to Local Rule 7.2, Plaintiffs NRO Boston, LLC and Alice Indelicato (collectively "Plaintiffs"), out of an abundance of caution, respectfully move the Court for an Order granting the Plaintiffs leave to file under seal their Memorandum Law in Opposition to Defendants' Motion to Confirm and for Prejudgment Interest, many of the supporting exhibits[1], and the Declaration of Shane R. Heskin, dated September 9, 2019 (the "Sealed Documents").

---

[1] Exhibit 37: Celtic Bank and Kabbage's Program Management Agreement dated March 20, 2014; Exhibit 38: Celtic Bank and Kabbage's First Amended Program Agreement dated June 30, 2015; Exhibit 238: Kabbage's Wells Fargo Banking Statement; Exhibit 257: Outline for Celtic Bank Board of Directors July 30, 2013 Meeting; Exhibit 299: April 2017 email correspondence; Exhibit 309: Celtic Bank Third-Party Risk Committee Meeting Agenda dated February 28, 2017; Exhibit 338: Kabbage's Equal Credit Opportunity Act Policy; Exhibit 354: September 2016 email correspondence; Exhibit 356: May 2015 email correspondence; Exhibit 376: July 2013 email correspondence; Exhibit 378: May 2013 email correspondence; Exhibit 389: June 2017 email correspondence; Exhibit 400: October 2016 letter from Kabbage to the California Department of Business Oversight; Exhibit 417: August 2015 email correspondence; Exhibit 419: August 2015 email correspondence; Exhibit 424: July 2015 email correspondence; Exhibit 425: July 2015 email correspondence; Exhibit 443: May 2015 email correspondence; Exhibit 446: Lesser inclusive version of Exhibit 354 (above); Exhibit 448: May 7, 2015 document reflecting revised terms of the program between Kabbage and Celtic; Exhibit 457: Kabbage's financial statements; Exhibit 504: March 2014 email correspondence; Exhibit 514: January 2014 email correspondence; Exhibit 524: December 2013 email correspondence; Exhibit 540: September 20, 2016 Third-Party Risk Management Committee meeting; Exhibit 576: First Amended Program Management Agreement; Exhibit 578: Confidential Kabbage Financial Update; Exhibit 585: November 2018 email correspondence; Exhibit 586: June 2016 email correspondence; Exhibit 733: Third-Party Risk Assessment of Kabbage; Exhibit 776: A detailed Third-Party Risk Assessment; Exhibit 809: Hearing transcripts; Exhibit 810: Hearing transcripts; Exhibit 811: Hearing transcripts; Exhibit 812: Hearing transcripts; Exhibit 813: Hearing

In support of this Motion to Seal, Plaintiffs respectfully state as follows:

## II.  Background

Plaintiffs oppose Defendants' motion to confirm an arbitration award involving a series of high-interest loans.  Plaintiffs also oppose Defendants' motion for prejudgment attachment. During the course of the arbitration, certain documents, including documents that are included in and referenced in the Sealed Documents were produced by Defendants subject to a Protective Order.[2]  In relevant part, the Order states that:

1. All documents and information produced by any party to this arbitration after the date this Order is entered shall be used solely for the prosecution and defense of this arbitration.

2. All documents and information produced by any party to this arbitration after the date this Order is entered shall be disclosed only to:

   a. The Arbitrator, and anyone retained by the Arbitrator or JAMS to assist the Arbitrator with this arbitration;

   b. The parties to this arbitration (including officers, directors, employees, stockholders, and in-house attorneys of Respondents);

   c. Counsel of record for the parties to this arbitration, including any attorneys, paralegals, secretaries, and other personnel employed or retained by or working under the supervision of counsel of record and who are assisting with this arbitration;

   d. Any witness, court reporter, or videographer at a deposition or a hearing in this arbitration; and

   e. Any other person or entity as to whom counsel for the producing party agrees in writing, or whom the Arbitrator directs, shall have access.

---

transcripts; Exhibit 814: Purchase and Sale Agreement between Kabbage and TBF; Exhibit 820: Respondent's Post-Hearing Brief; Exhibit 821: Respondent's Post-Hearing Reply Brief; Exhibit 822: Respondent's Pre-Hearing Statement.

[2] Attached hereto as Exhibit 1.

Although Plaintiffs do not believe that the Protective Order provides sufficient justification for these documents to remain sealed indefinitely, Plaintiffs submit this Motion seeking the Court's leave to file them under seal until the Court has had sufficient time to consider all arguments for and against their public disclosure.

### III.   **ARGUMENT**

In the United States, there is a presumption that the public has a common-law right of access to judicial documents. However, the public right of access is not absolute, and a court considering a motion to seal can consider "important countervailing interests" and "must carefully balance the competing interests that are at stake." *United States v. Hardy*, No. 91-cr-10180-ADB, 2017 U.S. Dist. LEXIS 87156, at *2 (D. Mass. June 7, 2017) (quoting *Siedle v. Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998)). However, in the balancing of interests, "the scales tilt decidedly toward transparency." *National Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011). In general, the fact that a document is designated as confidential and produced pursuant to a protective order is not sufficient reason for it to remain sealed. *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015). While Plaintiffs suspect that Defendants will object to the public disclosure of the Sealed Documents, Plaintiffs cannot think of a compelling reason for these documents to remain under seal. To the contrary, there are compelling reasons for these documents to be made fully accessible to the public.

Plaintiffs' claims against Defendants relate to Defendants' predatory lending practices. Massachusetts, like most states has a strong public policy against usury. *See Begelfer v. Najarian*, 381 Mass. 177, 185 (1980) ("The public policy against usury is clearly a matter for grave legislative concern"). The presumption towards public access to judicial documents is particularly strong when the case and the documents at issue involve matters of public concern. *See e.g.*,

*Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, No. 6:17-cv-1542-Orl-31DCI, 2018 U.S. Dist. LEXIS 217036, at *8 (M.D. Fla. July 25, 2018) ("[F]ederal litigation concerning time-share contracts is a matter of public concern, especially where there are underlying allegations of consumer fraud"); *Wedgewood Ltd. Partnership I v. Township of Liberty*, No. 2:04-CV-1069, 2007 U.S. Dist. LEXIS 45135, at *11 (S.D. Ohio June 21, 2007) ("[A] party's interest in avoiding adverse publicity will rarely outweigh the public's interest in disclosure, particularly where, as here, the subject of the litigation is of great public concern"); *Price v. Tuggle*, Civil Action No. 2:16-1529, 2016 U.S. Dist. LEXIS 98618, at *6-7 (S.D. W. Va. July 28, 2016) ("Here, Price's allegations against Defendants are matters of public concern, and the public, along with state policy, is best served by permitting public access to the contents of the complaint"). Plaintiffs' allegations relate to matters of great importance to the public and should be accessible absent some great competing interest that is not present in this case.

Given the strong presumption that the public has a common-law right of access to judicial documents and the grave matters of public concern at issue in this case, Plaintiffs do not believe that the protective order provides sufficient justification for these documents to remain sealed. However, out of an abundance of caution, Plaintiffs respectfully request an Order granting the Plaintiffs leave to file these documents under seal until Defendants have been given the opportunity to comment on this motion.

Dated:  September 23, 2019

WHITE AND WILLIAMS LLP

*/s/ Shane R. Heskin*
**WHITE AND WILLIAMS LLP**

Shane R. Heskin (BBO No. 665098)  
Justin E. Proper (BBO No. 645753)  
101 Arch Street, Suite 1930  
Boston, MA 02110  
(617) 748-5200 or (215) 864-6329  
heskins@whiteandwilliams.com  
properj@whiteandwilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically and by certified US mail to counsel for Defendant, Kabbage, Inc. and counsel for Defendant, Celtic Bank Corporation on this 23rd day of September, 2019.

/s/ Shane R. Heskin  
*Shane R. Heskin*

23474168v.1